Crothers, Justice.
 

 [¶ 1] Jesseaca Finneman appeals from criminal judgments entered after a jury found her guilty of: (1) possession of more than 500 grams of marijuana with intent to deliver; (2) unlawful possession of hashish; and (3) two counts of unlawful possession of drug paraphernalia. Finneman argues she is entitled to a new trial because the jury verdict form for the charge of possession of more than 500 grams of marijuana with intent to deliver was confusing and misapplied the law. We reverse Finneman's conviction for possession with intent to deliver.
 

 I
 

 [¶ 2] Law enforcement officers executed a search warrant for a residence shared by Finneman and her roommate and seized illegal drugs, drug paraphernalia and cash in their residence. The State separately charged Finneman and her roommate with: (1) possession of more than 500 grams of marijuana with intent to deliver; (2) possession of THC oil; (3) possession of
 
 *622
 
 hashish; and (4) two counts of possession of drug paraphernalia. On motion by the State, the prosecutions against each defendant were consolidated for a jury trial, and the charge for possession of THC oil against each defendant was dismissed before the case was submitted to the jury.
 

 [¶ 3] At trial Finneman testified that she possessed all of the drugs and paraphernalia for her personal use, that she was not a drug dealer and that she did not intend to deliver or sell the marijuana to other persons. Finneman also testified her roommate was not involved with the drugs or paraphernalia and the cash was to pay rent for their residence. Finneman claimed she was not guilty of possession of marijuana with intent to deliver and requested a jury instruction on the lesser included offense of possession of marijuana. During discussions about final jury instructions the district court granted Finneman's request to provide the jury with a lesser included instruction on possession of marijuana for the greater charge of possession of more than 500 grams of marijuana with intent to deliver. The jury verdict form in Finneman's case included a black box preventing the jury from explicitly entering a not guilty verdict for possession with intent to deliver and provided:
 

 "We, the Jury duly impaneled and sworn in the above entitled actions, do find the Defendant, Jesseaca Finneman,
 

 ?
 

 [¶ 4] As relevant to the charge of possession of more than 500 grams of marijuana with intent to deliver and the lesser included offense of possession of marijuana, a jury instruction entitled "forms of verdict" provided:
 

 "You will receive a one page verdict form which will have all of the charges
 
 *623
 
 for a defendant listed, each with a blank to check either 'guilty' or 'not guilty.'
 

 "You will return the form of verdict with the blank checked for either 'guilty' or 'not guilty' for each charge. There will be one form to cover all of the charges for each Defendant.
 

 "The Possession of Controlled Substance with Intent to Deliver, Marijuana, Charge for Defendant Finneman will be handled differently. For this charge, you will be required to address the verdict in stages. It is imperative that you understand the sequence of analysis, and that you follow it precisely. Depending on your findings on one step, you may or may not proceed to the next step.
 

 "For this verdict, you must first consider the Possession of Controlled Substance With Intent to Deliver, Marijuana charge as brought by the State. If you find Defendant Finneman 'Guilty' of that charge, you will check the appropriate verdict line, and you will not even consider the next steps, as your duties on that charge will be completed.
 

 "However, if you find Defendant Finneman 'Not Guilty' of the offense of Possession of Controlled Substance with Intent to Deliver, you will note that there is no proposed 'Not Guilty' verdict line. This is because in the event of a 'Not Guilty' finding as to the Possession With Intent to Deliver charge, you will then, and only then, be required to consider whether the Defendant is 'Guilty' or 'Not Guilty' of the lesser included offense of Possession of Controlled Substance, Marijuana.
 

 "For the crime of Possession of Controlled Substance, Marijuana, you will now find two verdict lines, one for finding Defendant Finneman 'Guilty,' and the other for finding Defendant Finneman 'Not Guilty.'
 

 "If you find the Defendant 'Guilty,' you will check that line. If you find the Defendant 'Not Guilty,' you will check that line. Please note that by checking the 'Not Guilty' verdict form for Possession of Controlled Substance, Marijuana, you are telling the Court that you are finding Defendant Finneman 'Not Guilty' of Possession of Controlled Substance With Intent to Deliver and Possession of Controlled Substance, Marijuana."
 

 [¶ 5] During jury deliberations, the jury asked the district court the following question about the verdict form:
 

 "Why is number 1 blacked out on Finneman's sheet paren/close paren, (not guilty), since she admitted to having more than 500g, is she automatically guilty?"
 

 [¶ 6] After a discussion with counsel, the court provided the jury with the following answer:
 

 "The answer to the question is no. Please refer to the Elements of the Offense of Possession with Intent to Deliver. You must find the Defendant guilty of all three elements of the offense in order to find the [Defendant] guilty of Possession with Intent to Deliver. I also refer you to the jury instructions on Forms of Verdicts."
 

 [¶ 7] The jury resumed deliberations and subsequently informed the district court it had reached a verdict. After the court reviewed the verdict form for Finneman and noted it did not include verdicts for all the charges against her, the following colloquy occurred:
 

 "THE COURT: Jury Leader ..., I note from my review of the verdict form for Jesseaca Finneman that it doesn't reflect a verdict as to the charges that are listed there as 2, 3 and 4. Have you not reached a verdict on those matters?
 

 *624
 
 "JURY LEADER ...: No, we did. We thought we read in the packet that we only had to answer the first one.
 

 "THE COURT: All right. What I'm going to do is-and I will note for the record, the verdict form you returned for [Finneman's roommate] has indication of verdict with regard to each charge. But, the one with regard to Ms. Finneman does not. So, I'm going to send you back to the jury room. You've told me that you've reached a verdict on each of the matters. But, I'm going to have you complete the verdict form. And when you have done so, I'll bring you back into court."
 

 [¶ 8] The jury retired for further deliberations, and Finneman then moved for a mistrial on the ground that the jury was confused and did not understand the instructions. The court denied Finneman's motion. The jury thereafter returned a completed verdict form, finding Finneman guilty of all four charges. The verdict form for Finneman's roommate did not include a section for a finding on a lesser included offense for possession of marijuana with intent to deliver, and the jury found the roommate guilty of two counts of possession of drug paraphernalia and not guilty of possession of marijuana with intent to deliver and possession of hashish.
 

 II
 

 [¶ 9] On appeal Finneman challenges only the conviction for possession of more than 500 grams of marijuana with intent to deliver. She argues she possessed the marijuana for her personal use and not with intent to deliver. She asserts the verdict form misinterpreted and misapplied the law about possession with intent to deliver and confused and misled the jury.
 

 [¶ 10] The issues raised in this appeal involve the jury instructions and the verdict form. On appeal jury instructions are fully reviewable.
 
 State v. Wilson
 
 ,
 
 2004 ND 51
 
 , ¶ 11,
 
 676 N.W.2d 98
 
 . Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury.
 
 State v. Jahner
 
 ,
 
 2003 ND 36
 
 , ¶ 13,
 
 657 N.W.2d 266
 
 . We review jury instructions as a whole to determine whether they adequately and correctly inform the jury of the applicable law, even though part of the instructions standing alone may be insufficient or erroneous.
 
 State v. Barth
 
 ,
 
 2001 ND 201
 
 , ¶ 12,
 
 637 N.W.2d 369
 
 . We will reverse a criminal conviction only if the instructions, as a whole, are erroneous, relate to a central subject in the case, and affect a substantial right of the defendant.
 
 Wilson
 
 , at ¶ 11.
 

 [¶ 11] Possession of a controlled substance is a lesser included offense of possession of a controlled substance with intent to deliver.
 
 State v. Holly
 
 ,
 
 2013 ND 94
 
 , ¶¶ 75-76,
 
 833 N.W.2d 15
 
 . We have adopted the "acquittal first" procedure for a jury to transition from considering a charged greater offense to a lesser included offense.
 
 State v. Daulton
 
 ,
 
 518 N.W.2d 719
 
 , 720-23 (N.D. 1994). An "acquittal first" instruction "requires an acquittal of the offense charged before consideration of lesser-included offenses," and only after the jury has confronted and unanimously decided the defendant's innocence as to the charged greater offense should the jury consider a lesser included offense.
 

 Id.
 

 at 722-23
 
 .
 
 See also
 

 State v. Huber
 
 ,
 
 555 N.W.2d 791
 
 , 797 n. 2 (N.D. 1996).
 

 [¶ 12] Here, the blacked out section of the verdict form for a not guilty finding for possession with intent to deliver precluded the jury from explicitly checking the line finding Finneman not guilty of possession of more than 500 grams of marijuana with intent to deliver and did not follow our law for the transition from the
 
 *625
 
 charged greater offense to the lesser included offense. On its face the verdict form is a clear deviation from our law for jury instructions about the transition from a charged greater offense to a lesser included offense. This record does not reflect that Finneman raised an issue about the verdict form when the district court and the parties discussed jury instructions, and she first raised the issue in the context of a motion for a mistrial after the jury had asked the court about the black box on the verdict form and after the jury had failed to complete the form for all the charged offenses against her.
 

 [¶ 13] Our framework for noticing a defendant's failure to raise a claimed error in a timely manner requires error that is plain or obvious and affects substantial rights.
 
 E.g.,
 

 State v. Olander
 
 ,
 
 1998 ND 50
 
 , ¶¶ 13-14,
 
 575 N.W.2d 658
 
 (adopting framework from
 
 United States v. Olano
 
 ,
 
 507 U.S. 725
 
 ,
 
 113 S.Ct. 1770
 
 ,
 
 123 L.Ed.2d 508
 
 (1993), for analyzing obvious error). An obvious error is a clear deviation from an applicable rule under current law.
 
 Olander
 
 , ¶ 14. A defendant claiming a clear or obvious deviation from an applicable legal rule must show the deviation affected substantial rights in that it was prejudicial or affected the outcome of the proceeding.
 
 Id.
 
 at ¶ 15. If a defendant establishes a forfeited obvious error affects substantial rights, "an appellate court has discretion to correct the error and should correct it if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' "
 
 Id.
 
 at ¶ 16 (quoting
 
 Olano
 
 ,
 
 507 U.S. at 736
 
 ,
 
 113 S.Ct. 1770
 
 ). A forfeited obvious error may seriously affect the fairness, integrity, or public reputation of judicial proceedings regardless of the defendant's actual innocence.
 
 Olander
 
 , at ¶ 16.
 

 [¶ 14] We apply that framework to Finneman's failure to object to the district court's verdict form when the parties were considering jury instructions. As we previously explained in paragraph 12, the black box in the verdict form is a forfeited deviation from our law for the transition from a greater offense to a lesser included offense, and the court's use of a black box covering the not guilty answer for the greater offense of possession of marijuana with intent to deliver is an obvious error.
 
 See
 

 United States v. Amaya
 
 ,
 
 731 F.3d 761
 
 , 764-65 (8th Cir. 2013) (affirming trial court decision granting new trial and holding the court did not abuse its discretion in determining there was plain error in substituted jury polling and in verdict form that did not provide a place for the jury to mark a verdict of either guilty or not guilty).
 

 [¶ 15] Finneman also has established the error affected her substantial rights. The instructions on possession of a controlled substance with intent to deliver, the lesser included instruction on possession of a controlled substance, the instruction on the "forms of verdict" telling the jury how to proceed with this charge against Finneman, and the court's instruction to the jury after the jury's question about the black box could be read together to provide the jury with a circuitous procedure for answering the questions on the verdict form. However, the district court was required to provide explanation to the jury about the verdict form on two separate occasions and jury instructions should be written so they can easily be followed. The necessity for explanations on two occasions indicates an unacceptable degree of difficulty and uncertainty regarding the jury's task in answering these questions. A legally trained person may have been able to transition through the instructions for the lesser included offense, but we recognize that jury members seldom have that legal training and instructions should not be unduly complex for a lay audience.
 

 *626
 
 [¶ 16] There was conflicting evidence about whether Finneman had an intent to deliver marijuana to other persons, and that issue was the central object of the prosecution against her. We do not weigh that conflicting evidence about her intent.
 
 See
 

 Olander
 
 ,
 
 1998 ND 50
 
 , ¶ 26,
 
 575 N.W.2d 658
 
 (in analyzing effect of obvious error on substantial rights, appellate court does not weigh conflicting evidence). Under these circumstances and the confusion and uncertainty demonstrated during jury deliberations, we conclude Finneman established the plain error in the verdict form affected her substantial rights.
 
 See
 

 Amaya
 
 ,
 
 731 F.3d at 765
 
 (holding trial court did not abuse discretion in determining verdict form and substituted jury polling affected defendant's substantial rights).
 

 [¶ 17] Finally, the failure to exercise our discretion to correct the obvious error would seriously affect the fairness, integrity, and public reputation of criminal jury trials.
 
 See
 

 Amaya
 
 ,
 
 731 F.3d at 766
 
 (holding trial court did not abuse discretion in determining verdict form and substituted jury polling affected fairness, integrity or public reputation of judicial proceeding). On its face the black box over the not guilty part of the verdict form for possession with intent to deliver had every appearance of removing the option of finding Finneman not guilty. As we said in
 
 Olander
 
 ,
 
 1998 ND 50
 
 , ¶¶ 16, 28,
 
 575 N.W.2d 658
 
 , a defendant's guilt or innocence is not the determinative factor in analyzing the effect of obvious error; rather, the fairness and integrity of the process is paramount. We decline to approve a verdict form that significantly undercuts the procedure for lesser included offenses. On this record we are unable to conclude with any degree of certainty that Finneman received a fair trial on the charge of possession with intent to deliver, and we exercise our discretion and notice the obvious error on the charge of possession of 500 grams of marijuana with intent to deliver.
 

 III
 

 [¶ 18] We reverse Finneman's conviction for possession of more than 500 grams of marijuana with intent to deliver.
 

 [¶ 19] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.