# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 191

State of North Dakota,                                        Plaintiff and Appellee

v.

Spencer Brent Norton,                                   Defendant and Appellant

No. 20190003

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee.

Russell J. Myhre, Enderlin, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]   Spencer Norton appeals from a district court's criminal judgment entered following a jury verdict finding him guilty of terrorizing. Norton contends the offense of terrorizing requires threats directed toward identified individuals and the evidence was insufficient to sustain a verdict of guilty. We affirm.

I.

[¶2]   In November 2017, Norton was detained in the Burleigh Morton County Detention Center following Norton being charged with arson. While detained, Norton communicated with his girlfriend through phone conversations and video visits. Norton was aware that both the video visits and the phone conversations were being recorded by law enforcement.

[¶3]   During the phone conversations and the video visits, Norton made multiple threatening statements directed toward law enforcement and other individuals associated with his arson case. Norton also made threats that referenced the family members of law enforcement. Norton was charged with terrorizing as the result of his threats.

[¶4]   Norton filed a motion to dismiss the terrorizing charge, arguing the State did not meet the burden to show a prima facie case because the State failed to specifically identify the individuals who were allegedly threatened. The district court denied the motion. Norton waived his right to a preliminary hearing, the case proceeded to a jury trial, and Norton was found guilty of terrorizing. On appeal, Norton argues the evidence presented at trial was insufficient to sustain the guilty verdict, the court erred in denying his pretrial motion to dismiss, erred in denying his request for a jury instruction requiring the State to identify the human being against whom a threat was made, and erred by denying his motion to acquit.

## II.

[¶5]   Norton challenges the denial of his motion to dismiss. Norton argues his statements were too general and lack sufficient specificity for a jury to determine he made the statements with the intent to place another human being in fear for that human being's or another's safety.

[¶6]   The offense of terrorizing is defined in N.D.C.C. § 12.1-17-04(1).  Section 12.1-17-04(1), N.D.C.C., provides as follows:

> A person is guilty of a class C felony if, with intent to place another human being in fear for that human being's or another's safety or . . . in reckless disregard of the risk of causing such terror, disruption, or inconvenience, the person . . . [t]hreatens to commit any crime of violence or act dangerous to human life[.]

[¶7]   Norton characterizes his statements as a broad commentary on law enforcement and asserts his statements lacked the level of specificity, with regard to the potential target(s) of the threats necessary for a conviction.  Norton directed threats at the law enforcement personnel involved in his criminal cases, as well as their families. While many of Norton's statements did not include the name of the law enforcement personnel, he made clear references to officers working on his arson case.  Norton stated, "these piece of [expletive] [expletive] know they ain't got no case.  And they better mark it on their books because when I get out of this [expletive] jail, I'm coming for all of them."  Norton also stated, "All them [expletive] [expletive] police that came to the preliminary hearing, sitting there like a bunch of [expletive], y'all are all flagged and tagged too."  Norton did reference the prosecuting attorney by name and indicated the prosecutor was "flagged and tagged."  With regard to the families of law enforcement, Norton stated, "I'm [expletive] with you and I'm gonna [expletive] with y'all's loved ones.  Believe that.  Transcript that . . . ."  In several instances, Norton acknowledged his communications were being recorded and did so in a manner that evidences knowledge the threats would be communicated to law enforcement.

[¶8]   Norton asserts the references to "human being" in N.D.C.C. § 12.1-17-04(1) requires the State to specifically identify, by name or other manner of identification,

2

the actual individuals who were threatened. "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894. "The primary purpose of statutory interpretation is to determine legislative intent." *Id.* Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02.

[¶9] This Court has previously held that whether particular words constitute a threat is a question of fact. *State v. Zeno*, 490 N.W.2d 707, 710 (N.D. 1992). "Threats may be made by innuendo and the circumstances may be taken into account in deciding whether the words used constitute a threat . . . ." *Id.* (quoting *State v. Hass*, 268 N.W.2d 456, 463 (N.D. 1978)). "No precise words are necessary to convey a threat. It may be bluntly spoken, or done by innuendo or suggestion . . . . A threat often takes its meaning from the circumstances in which it is spoken and words that are innocuous in themselves may take on a sinister meaning in the context in which they are recited . . . ." *Id.* (quoting *State v. Howe*, 247 N.W.2d 647, 654 (N.D. 1976) (internal quotation marks omitted)).

[¶10] Section 12.1-17-04(1), N.D.C.C., requires a human being be placed in fear of their safety or another human being's safety. A plain reading of the statute does not require the State to specifically identify the individual or individuals threatened to establish a prima facie case or maintain a conviction. As our prior cases recognize, whether particular words constitute a threat is a question of fact. Norton was free to argue to the jury, and did argue to the jury, that his statements were not threats because they were too general to place another human being in fear for that person's safety or the safety of another. Accordingly, it was for the jury to determine whether Norton made the statements with intent to place another human being in fear for that human being's or another's safety. The district court did not err in denying his motion to dismiss prior to trial.

III.

[¶11]   Norton extends his challenge to the lack of specificity by arguing the district court's jury instructions were improper because they did not require a specific individual or individuals against whom a threat was made, to be identified by the State.  Jury instructions are fully reviewable on appeal.  *State v. Finneman*, 2018 ND 203, ¶ 10, 916 N.W.2d 619.  "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury."  *Id*.  This Court reviews jury instructions as a whole to determine whether they "adequately and correctly inform the jury of the applicable law."  *Id.*

[¶12]   The relevant instructions read:

> The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:
>
> l) On or about April 24, 2018 through May 10, 2018;
>
> 2) In Burleigh County, ND;
>
> 3) Defendant, Spencer Brent Norton;
>
> 4) With intent to place another in fear for that person's or another's safety, or [i]n reckless disregard of the risk of causing such terror;
>
> 5) Threatened to commit any crime of violence or act dangerous to human life; specifically, the defendant threatened to commit acts of violence against law enforcement officers and their families.

[¶13]   As discussed in section two of this opinion, N.D.C.C. § 12.1-17-04(1) does not require the State to specifically identify the individual or individuals threatened. Whether a defendant's statements caused a human being to be placed in fear of their safety or another human being's safety is a question of fact for the jury.  The instruction given to the jury accurately informed the jury of the law.  The district court did not err in denying Norton's motion requiring the State to identify a specific individual or individuals who were threatened by Norton within the jury instructions.

IV.

4

[¶14] Finally, Norton argues there was insufficient evidence to sustain a conviction of terrorizing, and the district court erred by denying his motion to acquit. "[T]his Court has held the defendant must move for acquittal under N.D.R.Crim.P. 29 to preserve the issue of sufficiency of the evidence for review in a jury trial." *State v. Rourke*, 2017 ND 102, ¶ 7, 893 N.W.2d 176. "To grant a motion for judgment of acquittal under N.D.R.Crim.P. 29, a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged." *State v. Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586 (citation and quotation marks omitted). "When considering a challenge to sufficiency of the evidence, this Court views the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the verdict to decide whether a reasonable fact finder could have found the defendant guilty beyond a reasonable doubt." *State v. Wangstad*, 2018 ND 217, ¶ 23, 917 N.W.2d 515 (internal citation omitted). This Court assumes the jury believed all evidence supporting a guilty verdict and disbelieved any evidence to the contrary. *Id*.

[¶15] In order to sustain a conviction for the offense of terrorizing, the State was required to prove: (1) the defendant intended to put a human being in fear for their safety or acted with reckless disregard of the risk of causing this human being fear; and (2) the defendant made a threat of a "crime of violence or act dangerous to human life." N.D.C.C. § 12.1-17-04; *State v. Mohamud*, 2019 ND 101, ¶ 17, 925 N.W.2d 396; *State v. Laib*, 2005 ND 191, ¶ 8, 705 N.W.2d 815; *State v. Carlson*, 1997 ND 7, ¶ 36, 559 N.W.2d 802.

[¶16] Norton's statements contain multiple threats to kill or harm law enforcement and their families. Specifically, Norton threatened officers who appeared at the district court, those who involved his girlfriend in the investigation of the underlying arson case, and the families of these individuals. He also threatened the prosecuting attorney. It was reasonable for the jury to construe these statements as constituting threats of a crime of violence or acts dangerous to human life.

[¶17] We also note the evidence at trial revealed Norton was aware his threatening statements were being recorded by law enforcement. Two law enforcement officers

5

testified they believed the threats were directed toward themselves and their families, as well as threats against other members of law enforcement. The statements suggesting Norton would kill or harm law enforcement personnel connected to his case supports a factual finding that Norton intended to put a human being in fear for their safety or acted with reckless disregard of the risk of causing this fear. We conclude the evidence was sufficient to convict Norton of terrorizing.

V.

[¶18] The district court did not err by failing to require the State to name a specific individual who was threatened to establish a prima facie case of terrorizing. The court did not err by failing to require the State to name a specific individual threatened in jury instructions regarding the crime of terrorizing. Finally, the evidence was sufficient to support Norton's conviction of terrorizing, and the court did not err in denying Norton's motion for acquittal. We affirm the criminal judgment.

[¶19]   Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.