# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 118

State of North Dakota,

Plaintiff and Appellee

v.

Travis Eugene Yoney,

Defendant and Appellant

### No. 20190269

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Kelly A. Dillon (argued), Special Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Travis Yoney appeals from a district court amended judgment after a jury found him guilty of attempted murder, burglary, reckless endangerment, and terrorizing.  We affirm.

I

[¶2]   According to testimony at trial, in August 2018 Yoney fired a .22 caliber rifle into John and Jane Doe's house.  He then broke into the house and pointed the rifle at John Doe.  John Doe tackled Yoney, and the rifle fired into the ceiling.

[¶3]   Yoney was arrested and charged with various crimes.  After trial, the jury found Yoney guilty of burglary, attempted murder, terrorizing, reckless endangerment, unlawful possession of a firearm, and violation of an order prohibiting contact.

[¶4]   The district court sentenced Yoney to thirty years in prison.  After sentencing, the State moved to amend the judgment, arguing the sentence on count 2 of the judgment was illegal.  The State claimed amendment of the judgment was necessary to include language that Yoney was sentenced as a dangerous special offender because he used a firearm during commission of the crimes.  The court granted the motion and amended the judgment.

II

[¶5]   Yoney argues the jury convicted him of a non-cognizable offense, attempt to knowingly commit murder.

[¶6]   The district court provided the following jury instruction for attempted murder:

>      A person acting with the kind of culpability required for the commission of murder, intentionally engages in conduct which

constitutes a substantial step toward the commission of murder is guilty of Criminal Attempt—Murder.

ESSENTIAL ELEMENTS OF OFFENSE

The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

1. On or about August 23, 2018, in Ward County, North Dakota;

2. The Defendant, Travis Eugene Yoney, acting to intentionally or *knowingly* cause the death of John Doe;

3. Intentionally engaged in conduct which constituted a substantial step toward the commission of the murder of John Doe, a human being.

(Emphasis added.)

[¶7] Yoney argues that inclusion of the term "knowingly" in the jury instruction was erroneous because a conviction with the culpability of knowingly does not require the intent to commit the underlying crime, murder. Yoney claims that under this Court's holding in *State v. Swanson*, 2019 ND 181, ¶ 15, 930 N.W.2d 645, he could not have been convicted of attempted knowing murder.

[¶8] In *Swanson*, 2019 ND 181, ¶ 15, 930 N.W.2d 645, this Court held "[c]onspiracy to 'knowingly' commit a murder is a non-cognizable offense because it allows an individual to be convicted of the offense without an intent to cause the death of another human being." The defendant objected to the inclusion of "knowingly" in the jury instruction, and this Court stated, "Because the inclusion of 'knowingly' in the jury instruction allowed the jury to convict Swanson of conspiracy to commit murder without an intent to cause the death of another human being, the instruction was improper and allowed Swanson to have potentially been convicted of a non-cognizable offense." *Id.* at ¶¶ 3, 14.

[¶9]   Yoney did not object to the attempted murder jury instruction at trial. Under N.D.R.Crim.P. 52(b), this Court will not consider an alleged error that was not raised in the district court unless the error was an obvious error that affects substantial rights.  An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law.  *State v. Dockter*, 2019 ND 203, ¶ 8, 932 N.W.2d 98.  To establish obvious error, a defendant must show "plain error affecting substantial rights."  *Id.*

[¶10] Before trial, Yoney proposed the following instruction for attempted murder:

> A person is guilty of Attempted Murder if the person acting with the kind of culpability otherwise required for commission of murder, intentionally engages in conduct which constitutes a substantial step toward commission of murder.
>
> Essential Elements of Offense
>
> The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, each of the following essential elements:
>
> 1) On or about August 23, 2018, in Ward County, North Dakota;
>
> 2) Travis Eugene Yoney, acting with the intent to intentionally or *knowingly* cause the death of John Doe;
>
> 3) Intentionally engaged in conduct which constituted a substantial step toward commission of the murder of John Doe, a human being, by firing a rifle aimed at John Doe while inside the kitchen of John Doe's residence.

(Emphasis added.)

[¶11] Yoney's proposed instruction was similar to the final jury instruction on attempted murder.  Specifically, the second element of the offense was nearly identical to the final instruction and included the culpability of "knowingly."

3

[¶12] This Court has recognized "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *State v. Rende*, 2018 ND 56, ¶ 9, 907 N.W.2d 361 (quoting *State v. White Bird*, 2015 ND 41, ¶ 23, 858 N.W.2d 642). A party may not take advantage of irregularities in the proceedings unless he or she objects at the time they occur, allowing the district court to take appropriate action. *Rende*, at ¶ 9. The obvious error analysis under N.D.R.Crim.P. 52(b) does not apply to errors waived through the doctrine of invited error. *State v. Watkins*, 2017 ND 165, ¶¶ 13-14, 898 N.W.2d 442.

[¶13] Yoney's proposed instruction included the culpability of knowingly. The parties discussed the attempted murder jury instruction and Yoney agreed to the final instruction that included the culpability of knowingly. Therefore, Yoney waived this alleged error and the obvious error analysis under N.D.R.Crim.P. 52(b) does not apply. Yoney may not seek reversal based on an error he invited.

III

[¶14] Yoney contends the jury gave an inconsistent, compromised verdict by finding him guilty of attempted murder and reckless endangerment. He claims the evidence may support either charge individually, but it cannot support the same conduct with different culpabilities for the same victim, John Doe.

[¶15] When reviewing apparent conflicts in a jury's verdict, we consider:

> [W]hether the answers may fairly be said to represent a *logical and probable decision* on the relevant issues as submitted. If after a review of the district court's judgment no reconciliation is possible and the inconsistency is such that the special verdict will not support the judgment entered below or any other judgment, then the judgment must be reversed and the case remanded for a new trial.

*State v. Klose*, 2003 ND 39, ¶ 44, 657 N.W.2d 276 (quoting *Moszer v. Witt*, 2001 ND 30, ¶ 11, 622 N.W.2d 223). On appeal, "[w]e reconcile a verdict by examining both the law of the case and the evidence to determine whether the

4

verdict is logical and probable or whether it is perverse and clearly contrary to the evidence." *Klose*, at ¶ 44.

[¶16] For the charge of reckless endangerment, the information alleged Yoney "willfully created a substantial risk of serious bodily injury or death to John Doe under circumstances manifesting extreme indifference to the value of human life, by firing a firearm into John Doe's residence." For the charge of attempted murder, the State alleged Yoney "intentionally engaged in conduct which, in fact, constituted a substantial step towards intentionally or knowingly causing the death of John Doe, by firing a firearm at John Doe."

[¶17] The charges against Yoney were based on different conduct. The information alleged Yoney committed reckless endangerment by firing a firearm into John Doe's residence. The State alleged Yoney committed attempted murder by firing a firearm at John Doe. The jury could find Yoney acted willfully by firing a firearm into John Doe's residence, and acted intentionally by firing the firearm at John Doe. We conclude the verdict is not inconsistent.

IV

[¶18] Yoney claims the State did not provide evidence that he threatened to commit a crime.

[¶19] "To grant a motion for judgment of acquittal under N.D.R.Crim.P. 29, a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged." *State v. Norton*, 2019 ND 191, ¶ 14, 930 N.W.2d 635. In deciding a challenge to sufficiency of the evidence, we view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the verdict to decide whether a reasonable fact finder could have found the defendant guilty beyond a reasonable doubt. *Id.* "This Court assumes the jury believed all evidence supporting a guilty verdict and disbelieved any evidence to the contrary." *Id.*

[¶20] A person is guilty of terrorizing if, with intent to place another human being in fear for that human being's or another's safety, "[t]hreatens to commit

5

any crime of violence or act dangerous to human life." N.D.C.C. § 12.1-17-04(1). "A threat could be in words, verbal or written; actions; gestures; suggestive innuendo; or any other form of communication." *State v. Laib*, 2005 ND 191, ¶ 10, 705 N.W.2d 815.

[¶21] The evidence established that Yoney fired a rifle into John Doe's house, forced entry into the house, and pointed the rifle at John Doe. Yoney testified he was scared for his and his family's lives. We conclude the evidence was sufficient for the jury to find Yoney guilty of terrorizing.

V

[¶22] Yoney argues the district court erred by amending the judgment without allowing him to respond to the State's motion to amend.

[¶23] A person convicted of a class A felony is subject to a maximum penalty of twenty years' imprisonment. N.D.C.C. § 12.1-32-01(2). Under N.D.C.C. § 12.1-32-09(1)(e), a district court may sentence a convicted offender to an extended sentence as a dangerous special offender upon a finding that the offender used a firearm. A dangerous special offender convicted of a class A felony may be sentenced up to a maximum of life imprisonment. N.D.C.C. § 12.1-32-09(2)(a).

[¶24] Yoney was found guilty of attempted murder, a class A felony, and the jury also found he committed the offense with the use of a firearm. At the sentencing hearing, the district court sentenced Yoney to thirty years' imprisonment as a dangerous special offender under N.D.C.C. § 12.1-32-09(1)(e). Judgment was entered on August 23, 2019.

[¶25] On August 27, 2019, the State moved to amend the judgment. The State claimed the judgment was illegal because it failed to indicate Yoney was sentenced as a dangerous special offender. The district court amended the judgment on September 3, 2019.

[¶26] The State moved to amend the judgment under N.D.R.Ct. 3.2. Under N.D.R.Ct. 3.2(a)(2), after the moving party serves a brief supporting its motion, the opposing party has fourteen days to respond. The district court amended

6

the judgment on September 3, 2019, within Yoney's fourteen days to respond to the State's motion.

[¶27] Although the district court amended the judgment within fourteen days of the State's motion, we conclude any error in doing so was harmless. Under N.D.R.Crim.P. 52(a), an "error . . . that does not affect substantial rights must be disregarded." The jury found Yoney used a firearm and the court stated at the sentencing hearing that he was being sentenced as a dangerous special offender. Amending the judgment to correct count 2 to indicate Yoney was sentenced as a dangerous special offender under N.D.C.C. § 12.1-32-09 did not change the sentence and did not affect Yoney's substantial rights.

VI

[¶28] Yoney's remaining arguments are not necessary to our decision or are without merit. The amended judgment is affirmed.

[¶29] Lisa Fair McEvers
   Gerald W. VandeWalle
   Jerod E. Tufte
   Daniel J. Crothers
   Jon J. Jensen, C.J.

7