# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 200

State of North Dakota,　　　　　　　　　　　　　Plaintiff and Appellee

　　　v.

Coby Edwards,　　　　　　　　　　　　　　Defendant and Appellant

## No. 20200044

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kelly A. Dillon, Assistant Attorney General, Bismarck, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

## State v. Edwards
### No. 20200044

**Crothers, Justice.**

[¶1]   Coby Edwards appeals from a criminal judgment after a jury found him guilty of gross sexual imposition, a class AA felony. We affirm.

### I

[¶2]   Edwards was charged with gross sexual imposition, a class AA felony. Prior to trial Edwards retained a psychologist to testify about the accuracy of the child victim's memories. Trial was held on July 16-18, 2019. Shortly before Edwards began presenting his case, his attorney informed the district court his expert would not be testifying because "He could not make it today." Additionally, during cross-examination of a police detective by Edwards' counsel, the detective made a statement regarding Edwards' post-arrest silence. The statement received no objection, nor was a motion made to strike the statement as non-responsive. The jury convicted Edwards of gross sexual imposition.

### II

[¶3]   Edwards argues reversible error occurred when his retained expert did not testify. He argued in his brief that it was error for his expert to not testify at trial. During oral argument, Edwards argued the district court obviously erred by failing to require that his retained expert witness testify at trial.

[¶4]   Edwards sought and received funding to retain an expert witness to testify about the accuracy of the child victim's memories. At trial, Edwards' counsel first informed the district court the expert witness would testify, and the next day told the court the expert would not be testifying. No offer of proof was made to establish what the expert would state during testimony. Edwards did not otherwise discuss the issue at trial.

[¶5]   "Issues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125 (quoting *State v. Lott*,

1

2019 ND 18, ¶ 8, 921 N.W.2d 428). "A defendant has the burden to show an obvious error that affects his substantial rights, and we are not required to exercise our discretion to notice obvious error when the defendant has not raised an issue about obvious error." *State v. Smith*, 2019 ND 239, ¶ 15, 934 N.W.2d 1.

[¶6] Edwards did not brief his claim as obvious error. Moreover, no controlling precedent exists requiring a criminal defendant's expert witness testify at trial. *But see Ake v. Oklahoma*, 470 U.S. 68 (1986) (explaining that participation of a psychiatrist may be important enough to the preparation of a defense to require the State to provide an indigent defendant with access to competent psychiatric assistance). Although we may review an issue for obvious error even when it has not been argued, we decline to address the question presented here. *Smith*, 2019 ND 239, ¶ 15.

### III

[¶7] Edwards argues the detective's comments regarding Edwards' post-arrest silence constitute reversible error. The State argues testimony regarding Edwards' exercise of his right to remain silent was elicited by Edwards' counsel and was harmless.

[¶8] In *State v. Schneider*, 270 N.W.2d 787, 792 (N.D. 1978), this Court first said comment on a defendant's post-arrest silence is reviewable on appeal even though there was no objection at trial. *Schneider* involved testimony on silence, the responses for which were elicited by the prosecutor. *Id*. This Court in *Schneider* applied a harmless error analysis derived from *Chapman v. California*, 386 U.S. 18 (1967). *Schneider,* at 792.

[¶9] Since *Schneider*, the United States Supreme Court has spoken on the difference in analysis between Fed.R.Crim.P. 52(a) and 52(b). *See U.S. v. Olano*, 507 U.S. 725, 731-37 (1993). At its core, *Olano* explains that a forfeited error, even one affecting constitutional rights, may be noticed by an appellate court only if it is plain and affects substantial rights. *Id*. at 732. Further, *Olano* distinguished between a forfeiture and a waiver, where a forfeiture is the failure to make the timely assertion of a right, and a waiver is the intentional

relinquishment or abandonment of a known right. *Id.* at 733. This Court adopted the *Olano* framework in 1998. *See State v. Olander*, 1998 ND 50, ¶¶ 13-14, 575 N.W.2d 658 (explaining the only difference between the federal rule and the Court's rule is the word "obvious" in place of "plain").

[¶10] Our framework for noticing a defendant's failure to raise a claimed error in a timely manner requires error that is plain or obvious and affects substantial rights. *State v. Finneman*, 2018 ND 203, ¶ 13, 916 N.W.2d 619 (citing *Olander*, 1998 ND 50, ¶¶ 13-14). An obvious error is a clear deviation from an applicable rule under current law. *Olander*, at ¶ 14. A defendant claiming a clear or obvious deviation from an applicable legal rule must show the deviation affected a substantial right in that it was prejudicial or affected the outcome of the proceeding. *Id.* at ¶ 15. If a defendant establishes a forfeited obvious error involves substantial rights, "an appellate court has discretion to correct the error and should correct it if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at ¶ 16 (quoting *Olano*, 507 U.S. at 736).

[¶11] The defendant has the burden of showing an obvious error affected substantial rights, and this Court is not required to exercise its discretion to notice obvious error when the defendant has not raised the issue on appeal. *Smith*, 2019 ND 239, ¶ 15. Edwards did not brief his claim regarding comments on his post-arrest as obvious error. Although we may review an issue for obvious error when it has been argued but not briefed, we decline to address the question presented here. *Id.*

## IV

[¶12] The district court judgment is affirmed.

[¶13] Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Gerald W. VandeWalle

Jon J. Jensen, C.J.