# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 181

State of North Dakota,                                            Plaintiff and Appellee

v.

Chase Duane Swanson,                                         Defendant and Appellant

No. 20180373

Appeal from the District Court of Bowman County, Southwest Judicial District, the Honorable James D. Gion, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Britta K. Demello Rice (argued), Assistant Attorney General, Bismarck, ND, and Andrew J. Q. Weiss (on brief), State's Attorney, Bowman, ND, for plaintiff and appellee.

Thomas F. Murtha IV, Dickinson, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]    Chase Swanson appeals from a district court's judgment finding him guilty of conspiracy to commit murder. The jury instructions allowed Swanson to be convicted of a conspiracy to "knowingly" cause the death of another human being. He argues conspiracy to "knowingly" cause the death of another human being is a non-cognizable offense because it does not require the actor to have had an intent to cause the death. We reverse the judgment of conviction on the charge of conspiracy to commit murder and remand this case to the district court for a new trial.

I

[¶2]    On August 19, 2016, Swanson was present within a motel room in Bowman, North Dakota when the victim was killed. Swanson was charged with several crimes, including conspiracy to commit murder by either knowingly or intentionally causing the death of another human being under N.D.C.C. §§ 12.1-06-04 (defining conspiracy) and 12.1-16-01(1)(a) (defining murder).

[¶3]    Swanson objected to the inclusion of "knowingly" as a possible mental state for causing the death of another human being within the conspiracy to commit murder charge. Swanson's proposed jury instructions excluded "knowingly" as a mental state and would have required the jury to find that he entered into an agreement to intentionally cause the death of another human being. He argued the charge of conspiracy to "knowingly" cause the death of another human being is a non-cognizable offense because it does not require an intent to cause a death. Swanson also objected to the State's proposed jury instruction, which allowed Swanson to be convicted of conspiracy to commit murder by entering into an agreement to either "intentionally or knowingly" cause the death of another human being.

1

[¶4]    The district court rejected Swanson's argument that conspiracy to "knowingly" cause the death of another human being was a non-cognizable offense.  The court's jury instruction defined the underlying crime of murder, within the alleged conspiracy to commit murder, as having the mental state of either intentionally or knowingly.  The jury instruction defined "knowingly" as "when [an individual] engage[s] in the conduct, they know or have a firm belief, unaccompanied by substantial doubt, that they are doing so, <u>whether or not it is their purpose to do so</u>."  (Emphasis added).  The district court's jury instruction regarding the definition of "knowingly" incorporated the statutory definition of "knowingly" codified in N.D.C.C. § 12.1-02-02.

[¶5]    Swanson contends the inclusion of "knowingly" allowed the jury to convict him of conspiracy to commit murder without having an intent to cause the death of another human being.  Swanson argues our prior caselaw defining the elements of conspiracy to commit murder requires the State to prove he entered into a conspiracy intending to cause a death.  His argument can be resolved by determining whether our prior caselaw defining the elements of conspiracy to commit murder requires proof of an intent to cause the death of another human being and, if so, whether the definition of "knowingly" would allow a conviction without a determination that Swanson had the intent to cause the death of another human being.

II

[¶6]    This Court has previously determined the offense of conspiracy to commit murder is a non-cognizable offense when charged under N.D.C.C. §§ 12.1-06-04 and 12.1-16-01(1)(b).  *State v. Borner*, 2013 ND 141, ¶ 20, 836 N.W.2d 383.  In *Borner*, an individual was convicted of conspiracy to commit a murder under N.D.C.C. § 12.1-16-01(1)(b), which requires a mental state of "engag[ing] in conduct constituting murder under circumstances manifesting an extreme indifference to the value of human life."  *Id*. at ¶ 8.  Swanson argues our decision in *Borner* limits a conviction for conspiracy to commit murder to instances in which the State proves there was an intent to cause a death.  The State argues our decision in *Borner* only precludes

2

conspiracy to commit murder when the underlying murder charge is premised on N.D.C.C. § 12.1-16-01(1)(b).

[¶7]     In *Borner*, the majority framed the issue on appeal as follows:

> The dispositive issue in this case is whether the crime of conspiracy to commit extreme indifference murder is a cognizable offense under North Dakota law. In other words, if a co-conspirator agrees to create circumstances manifesting an extreme indifference to the value of human life, but does not agree to cause death, can he be charged with conspiracy to commit murder. We conclude conspiracy to commit murder requires a finding of intent to cause death and cannot be based on the theory of murder under N.D.C.C. § 12.1-16-01(1)(b), extreme indifference murder.

2013 ND 141, ¶ 7, 836 N.W.2d 383 (emphasis added). In addition to the majority framing the issue as whether a charge of conspiracy to commit murder requires a finding of intent to cause death, the dissent also acknowledged the majority opinion required the conspirators to have intended to cause the death of another. *Id*. at ¶ 37 (Sandstrom, J., dissenting). Throughout the dissent in *Borner*, the dissent challenges the majority's conclusion that "an intent to kill" is an essential element of the offense of conspiracy to commit murder. *Id*. at ¶¶ 39, 40, and 68 (Sandstrom, J., dissenting).

[¶8]     In *Borner*, the State and the defendant advanced arguments similar to those advanced in the present case:

> The State argues it was not required to prove an intent to kill because extreme indifference murder does not require a "specific intention to cause death" and, if intent to kill is a requirement of conspiracy to commit murder, extreme indifference murder would not be applicable under conspiracy as it would always be conspiracy to commit intentional murder. Borner argues the conspirators must agree and intend to cause the death of another.

2013 ND 141, ¶ 17, 836 N.W.2d 383 (emphasis added). After substantial analysis of our statutes, caselaw, and the Model Penal Code, the majority in *Borner* concluded as follows:

> Conspiracy, however, requires the intent to cause a particular result that is criminal. To be guilty of conspiracy to commit murder, an individual

3

must intend to achieve the results—causing the death of another human being. Therefore, charging a defendant with conspiracy to commit unintentional murder creates an inconsistency in the elements of conspiracy and extreme indifference murder that is logically and legally impossible to rectify. An individual cannot intend to achieve a particular offense that by its definition is unintended.

*Id*. at ¶ 18 (emphasis added).

[¶9] The majority's conclusion in *Borner* was supported by a comprehensive review of cases from other jurisdictions, after which we concluded as follows:

> We are persuaded by the reasoning of those courts that conclude conspiracy to commit unintentional murder creates a logical inconsistency because one cannot agree in advance to accomplish an unintended result. We conclude conspiracy is a specific intent crime requiring intent to agree and intent to achieve a particular result that is criminal. Specifically, to find a person guilty of conspiracy to commit murder, the State must prove (1) an intent to agree, (2) an intent to cause death, and (3) an overt act. Therefore, conspiracy to commit extreme indifference murder, under N.D.C.C. §§ 12.1-06-04 and 12.1-16-01(1)(b), is not a cognizable offense.

2013 ND 141, ¶ 20, 836 N.W.2d 383 (citations and quotation marks omitted).

[¶10] Prior to the ultimate holding in *Borner* that "conspiracy to commit extreme indifference murder, under N.D.C.C. §§ 12.1-06-04 and 12.1-16-01(1)(b), is not a cognizable offense," the majority concluded that "to find a person guilty of conspiracy to commit murder, the State must prove (1) an intent to agree, (2) an intent to cause death, and (3) an overt act." 2013 ND 141, ¶ 20, 836 N.W.2d 383 (emphasis added). The majority's holding that conspiracy to commit extreme indifference murder, under N.D.C.C. §§ 12.1-06-04 and 12.1-16-01(1)(b), is not a cognizable offense was only reached because the majority first determined every charge of conspiracy to commit murder requires the State to prove there was an intent to cause the death of another human being. We agree with Swanson that the majority in *Borner* determined a charge of conspiracy to commit murder requires the State to prove an intent to cause

4

the death of another human being.  The State has not requested we reconsider our prior holding in *Borner*.

III

[¶11]  Our inquiry into whether conspiracy to commit murder under N.D.C.C. §§ 12.1-06-04 and 12.1-16-01(1)(a), is a cognizable offense does not end with a determination the State is required to prove intent to cause a death.  We must also determine if "knowingly" causing a death, as provided in N.D.C.C. § 12.1-16-01(1)(a), would impermissibly allow a conviction without proof of intent to cause a death.

[¶12]  "Statutory interpretation is a question of law, fully reviewable on appeal." *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894.  "The primary purpose of statutory interpretation is to determine legislative intent." *Id.*  Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02.

[¶13]  Knowingly is statutorily defined as follows: "[A] person engages in conduct . . . [k]nowingly if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, <u>whether or not it is his purpose to do so</u>." N.D.C.C. § 12.1-02-02 (emphasis added).  "Purpose" is defined as "[a]n objective, goal, or end." *Black's Law Dictionary* 1431 (10th ed. 2014).  "Intention" and "purpose" are synonyms. *Merriam-Webster's Collegiate Dictionary* 651 (11th ed. 2005).  As such, the term knowingly, when used in conjunction with N.D.C.C. § 12.1-16-01(1)(a), permits an individual to be convicted of a murder when they did not have the purpose (synonymous with intent) to cause the death of another human being.

[¶14]  Our holding in *Borner* requires the State to prove intent to cause the death of another to support a charge of conspiracy to commit murder.  Because the inclusion of "knowingly" in the jury instruction allowed the jury to convict Swanson of conspiracy to commit murder without an intent to cause the death of another human

5

being, the instruction was improper and allowed Swanson to have potentially been convicted of a non-cognizable offense.

IV

[¶15] Conspiracy to "knowingly" commit a murder is a non-cognizable offense because it allows an individual to be convicted of the offense without an intent to cause the death of another human being. We reverse the judgment of conviction with regard to the charge of conspiracy to commit murder and remand to the district court for a new trial on that charge.

[¶16] Jon J. Jensen
       Jerod E. Tufte
       Daniel J. Crothers
       Gerald W. VandeWalle, C.J.

       I concur in the result.
       Lisa Fair McEvers