# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 44

State of North Dakota,                                   Plaintiff and Appellee

v.

David Walter Gaddie,                                Defendant and Appellant

## No. 20210187

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED IN PART, REVERSED IN PART.

Opinion of the Court by McEvers, Justice.

Renata J.O. Selzer, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Scott O. Diamond, Fargo, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   David Gaddie appeals from a criminal judgment entered after a jury found him guilty of four counts of gross sexual imposition.  Gaddie argues the jury instructions were confusing, the district court erred by not instructing the jury it must unanimously agree on the specific act underlying each count, and the court's inclusion of the term "willfully" in the jury instructions was improper.  Gaddie did not object to the court's jury instructions.  After reviewing the case under the obvious error standard of review, we affirm the judgment in part and reverse the judgment in part.

I

[¶2]   The State charged Gaddie with two counts of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(d) and § 12.1-32-01(1).  Those counts alleged Gaddie, who was older than twenty-two years of age, engaged in two sexual acts with the victim, who was younger than fifteen years of age.  They specifically alleged Gaddie placed his tongue and his penis in the victim's vulva.  The State also charged Gaddie with two counts of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(2)(a) and (3)(b) and § 12.1-32-01(2).  Those counts alleged Gaddie engaged in sexual contact with the victim, who was younger than fifteen years old.  Those counts specifically alleged Gaddie engaged in sexual contact by touching the victim's "breasts and/or vulva" and by touching the victim's vulva with his penis.  All of the counts alleged Gaddie engaged in the conduct "willfully." The victim testified at trial.  Recordings of forensic interviews of the victim were also admitted into evidence.  Gaddie's defense was that the victim fabricated her accounts of the abuse and she had a motive to do so.  The jury returned guilty verdicts on all counts.

[¶3]   Gaddie's arguments on appeal focus on the jury instructions.  He argues the instructions were confusing because they grouped the elements of the sexual act counts together and they grouped the elements of the sexual contact

counts together. He also asserts the district court erred when it did not instruct the jury to unanimously agree on the underlying act supporting each conviction, and the court erred when it included the culpability level of willfully on all of the counts because the crimes are specific intent crimes. Gaddie offered instructions similar to those the court gave to the jury. He did not object to the court's jury instructions.

## II

[¶4] Under N.D.R.Crim.P. 30(c), to preserve a jury instruction issue for appellate review, a party must object on the record stating the issue "distinctly" and specifying the grounds of his or her objection. If a party does not timely object, the issue is not preserved for review. *State v. Mathre*, 1999 ND 224, ¶ 5, 603 N.W.2d 173. This Court's inquiry into an unpreserved jury instruction issue is limited to obvious error review under N.D.R.Crim.P. 52(b). *Mathre*, at ¶ 5; N.D.R.Crim.P. 30(d)(2). Obvious error review consists of determining whether (1) there was an error, (2) that was plain, and (3) that affected a party's substantial rights. *State v. Olander*, 1998 ND 50, ¶ 14, 575 N.W.2d 658. An error is not obvious unless the defendant demonstrates it is a "clear or obvious deviation from an applicable legal rule." *Id.* at ¶ 15. If a defendant proves obvious error occurred, we have discretion whether to rectify it and will only do so when the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at ¶ 16 (quoting *United States v. Olano*, 507 U.S. 725, 726 (1993)). Rule 52(b) obvious error review does not apply to waived errors. *Id.* at ¶ 14. A party may not take advantage of an error he or she invited. *State v. White Bird*, 2015 ND 41, ¶ 24, 858 N.W.2d 642.

## III

[¶5] Gaddie argues the district court erred by grouping the elements for the sexual act charges together and by grouping the elements for the sexual contact charges together. He claims the grouping was misleading and confusing.

[¶6] The purpose of jury instructions is to correctly and adequately advise the jury of the applicable law. *State v. Erickstad*, 2000 ND 202, ¶ 16, 620 N.W.2d

136. Jury instructions must not be misleading or confusing. *Id.* We review the instructions as a whole to determine whether they correctly and adequately advise the jury of the applicable law even if part of the instruction standing alone may be insufficient or erroneous. *Id.* We will only reverse a conviction based on an improper jury instruction if the instruction relates to a central subject in the case and affects a substantial right of the defendant. *State v. Wilson,* 2004 ND 51, ¶ 11, 676 N.W.2d 98.

[¶7]    For the sexual act charges, the instructions provided:

### Essential Elements of the Offense (for counts I and II)

The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

1) On or between January 1, 2015 and December 1, 2018, in Grand Forks County, North Dakota, the Defendant, David Walter Gaddie willfully engaged in a sexual act with Jane Doe or caused Jane Doe to engage in a sexual act,

2) Jane Doe was less than fifteen (15) years old at the time, and

3) The Defendant, David Walter Gaddie, was twenty two (22) years of age or older at the time.

For the sexual contact charges, the instructions provided:

### Essential Elements of the Offense (for counts III and IV)

The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

1) On or between January 1, 2015 and December 1, 2018, in Grand Forks County, North Dakota, the Defendant, David Walter Gaddie willfully engaged in sexual contact with Jane Doe or caused Jane Doe to engage in sexual contact,

2) Jane Doe was less than fifteen (15) years old at the time.

[¶8]   Gaddie asserts the jury instructions required the jury to return a guilty verdict on all counts based on a finding that he "engaged in a single instance

3

of sexual contact" with the victim. He claims the instructions provided "no explanation that these were two separate crimes for the jury consider." We are not persuaded. Although the district court listed the elements of each crime together, the instructions clearly advised the jury it needed to find Gaddie guilty of four separate crimes. The opening instructions detailed each count:

The Second Amended Information charges the criminal offenses to have been committed as follows:

That on or between January 1, 2015 and December 1, 2018 within the County of Grand Forks in the State of North Dakota, one David Walter Gaddie, did commit the offenses of:

COUNT I:

GROSS SEXUAL IMPOSITION . . . willfully engaging in a sexual act . . . by placing his tongue in Jane Doe's vulva.

COUNT II:

GROSS SEXUAL IMPOSITION . . . willfully engaging in a sexual act . . . by penetrating Jane Doe's vulva with his penis.

COUNT III:

GROSS SEXUAL IMPOSITION . . . willfully engaged in sexual contact . . . by touching Jane Doe's breasts and/or vulva.

COUNT IV:

GROSS SEXUAL IMPOSITION . . . willfully engaged in sexual contact . . . by touching Jane Doe's vulva with his penis.

Along with the inclusion of the separate charges in the opening instructions, the charges were also read to the jury at the beginning of the trial. In addition, the district court provided separate guilty and not guilty verdict forms for each count that required the jury to find Gaddie guilty or not guilty of each crime "as charged in the Second Amended Information." The jury instructions and verdict form, taken as a whole, adequately advise the jury that Gaddie was on

4

trial for four separate crimes. Although we generally do not condone grouping the elements of separate charges, we conclude the instructions in this case are not misleading or confusing as to the criminal conduct for which Gaddie was standing trial.

## IV

[¶9] Gaddie argues the absence of a unanimity instruction allowed the jury to convict him of the crimes without agreeing on which underlying act provided the basis for each conviction.

[¶10] All verdicts in criminal cases must be unanimous. N.D. Const. art. I, § 13; N.D.R.Crim.P. 31(a). When a defendant faces multiple counts of the same offense, a potential unanimity issue arises. Failing to include distinguishing information about the allegations creates uncertainty as to whether the jury unanimously agreed that the specific act forming the basis for each count occurred. *State v. Martinez*, 2015 ND 173, ¶ 18, 865 N.W.2d 391.

[¶11] Gaddie claims his case is similar to *Martinez* where the defendant was charged with three separate counts of gross sexual imposition. 2015 ND 173, ¶ 2. In *Martinez,* neither the jury instructions nor the verdict form provided factual information to distinguish between the counts. *Id.* at ¶ 13. Rather, the instructions stated that a finding of guilty was required for each count if the jury determined Martinez engaged in a separate sexual act with the victim. *Id.* The jury found Martinez guilty as to one count but could not reach a verdict on the other two counts. *Id.* at ¶ 6. On appeal, we held the instructions were erroneous and we reversed the judgment. *Id.* at ¶ 1. We explained:

> When the jury instructions and verdict forms do not include information identifying the underlying acts for each count and distinguishing between the counts and the instructions do not inform the jury that it must unanimously agree on the specific act that formed the basis for each count, the jurors may follow the instructions and unanimously agree that the offense was committed but individually choose different underlying acts to determine guilt.

5

*Id.* at 18. We explained that to avoid unanimity issues, the district court must give instructions "identifying the underlying act and factually distinguishing between the counts" or it must instruct the jury "to unanimously agree on the act for each offense." *Id.* at ¶ 23. Other courts have referred to this as the "either/or" rule. *See id.* at ¶ 19.

[¶12] In the present case, Gaddie asserts the witnesses' accounts of the crimes were varied as to when and where they occurred. Gaddie argues some members of the jury may have found the State proved certain instances occurred while others believed the State did not. He claims there may have been disagreement about which criminal acts occurred and which did not. He asserts an instruction advising the jury it must unanimously agree on the underlying act providing the basis for each count should have been given.

[¶13] Gaddie has not demonstrated a unanimity issue amongst the sexual act counts. The charges are the same, but each count alleges Gaddie committed a factually distinct criminal act. Count I required the jury to agree Gaddie placed his tongue in the victim's vulva, and Count II required the jury to agree he penetrated the victim's vulva with his penis. To convict Gaddie on these charges, the jury was required to find each of these distinct acts occurred. The exact "time, place, or circumstances" are not elements of the crime. *State v. Vance*, 537 N.W.2d 545, 549-550 (N.D. 1995) (quoting *People v. Jones*, 792 P.2d 643, 655-56 (Cal. Ct. App. 1990); *see also Davies v. State*, 2018 ND 211, ¶ 17, 917 N.W.2d 8 (a precise date or time period is not required unless time is an essential element of an offense). There is no unanimity issue because the instructions provide information identifying and differentiating the underlying acts. The jury could not find Gaddie guilty of both counts without agreeing each distinct act occurred.

[¶14] As to the sexual contact counts, we note a sexual contact charge may be a lesser included offense contained within a sexual act charge. *See Vance*, 537 N.W.2d at 548. However, Gaddie did not request a lesser included offense instruction at trial, and he has not raised a double jeopardy claim on appeal. Gaddie's arguments instead focus on the lack of a unanimity instruction and the possibility that the jury did not agree on which underlying acts provided

the basis for each sexual contact charge. We agree with Gaddie that the sexual contact charges create a unanimity issue. Count III required the jury to find Gaddie touched the victim's "breasts and/or vulva." Count IV required the jury to find he touched "her vulva with his penis." The jury instructions do not provide sufficient factual information to distinguish Count III from Count IV to the extent each permits a finding of guilt based on a touching of the victim's vulva. The jurors may all have agreed Gaddie touched the victim's vulva on two occasions, but they may not have agreed on which acts occurred. The instructions in this case clearly deviate from the rule we set out in *Martinez*. We conclude an obvious error occurred.

[¶15] The error in this case implicates Gaddie's constitutional right to a unanimous verdict. When an obvious error affects a defendant's constitutional rights, the State bears the burden of proving, beyond a reasonable doubt, that the error was harmless and did not contribute to the verdict. *State v. Webster*, 2017 ND 75, ¶ 8, 891 N.W.2d 769. When determining whether the State has met its burden, we consider "the probable effect of the error in light of all the evidence." *Id.* In this case, the victim testified Gaddie touched her vagina with what she believed was his tongue, his penis, and his hand. She testified the touching occurred once or twice a month. Based on our review of the evidence, it is not clear the jury unanimously agreed on the act supporting the conviction for Count III. We cannot say this error was harmless and did not contribute to the verdict. We therefore reverse the judgment as to Count III.

V

[¶16] Gaddie argues he was convicted of an incognizable offense. He claims gross sexual imposition is a specific intent crime that requires an intent to arouse or satisfy sexual or aggressive desires. He asserts the district court's inclusion of the mens rea "willfully" was erroneous because it allowed the jury to find him guilty without finding he acted with a specific intent. He claims the court should have instructed the jury it could only find him guilty if he acted intentionally. We agree with Gaddie that gross sexual imposition requires a finding that he acted with a specific intent. But we disagree with

7

his assertion that the court's inclusion of the mens rea "willfully" was improper.

[¶17] Gaddie's arguments require us to interpret various criminal statutes. The construction of a criminal statute presents a question of law that is fully reviewable on appeal. *State v. McCreary*, 2021 ND 212, ¶ 8, 967 N.W.2d 447.

> Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*Id.* (quoting *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105).

[¶18] Under N.D.C.C. § 12.1-20-03, "[a] person who engages in a sexual act," or "[a] person who engages in sexual contact," with a victim less than fifteen years of age, is guilty of gross sexual imposition. Under N.D.C.C. § 12.1-20-02(5), "sexual contact" means "any touching" of the intimate or sexual parts of the body of another "for the purpose of arousing or satisfying sexual or aggressive desires." The definition of sexual act incorporates the sexual or aggressive desire requirement by defining "sexual act" to mean "sexual contact" with various parts of the body. *See* N.D.C.C. § 12.1-20-02(4). The crimes in this case therefore require a finding that Gaddie acted with the purpose of arousing or satisfying sexual or aggressive desires—i.e., that he acted with a specific intent. *See State v. Swanson*, 2019 ND 181, ¶ 13, 930 N.W.2d 645 (acting with "purpose" is synonymous with acting with "intent").

[¶19] The State cites *State v. Cummins*, 347 N.W.2d 571, 572 (N.D. 1984), where we said gross sexual imposition under N.D.C.C. § 12.1-20-03 "does not require any specific culpability," and we characterized the crime as one of

general intent. However, when *Cummins* was decided the definition of sexual contact did not mention a specific purpose as is currently provided in the statute. Then, sexual contact was defined as "any touching of the sexual or other intimate parts of the person." N.D.C.C. § 12.1-20-02(2) (Supp. 1983). *See also* 1983 N.D. Sess. Laws ch. 172, § 7 (removing the words "for the purpose of arousing or gratifying sexual desire"). The words "for the purpose of arousing or satisfying sexual or aggressive desires" were added in 1985 after *Cummins* was decided. *See* 1985 Sess. Laws ch. 176, § 1. Our statements regarding a lack of specific culpability in *Cummins* therefore have no bearing on our decision today.

[¶20] Other jurisdictions have characterized similar criminal offenses as specific intent crimes. *See United States v. Sneezer*, 900 F.2d 177, 178-79, (9th Cir. 1990) (statute defining sexual contact as touching various area of the body "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" requires a specific intent); *Moore v. State*, 475 P.3d 33, 36 (Nev. 2020) (lewdness with a child, which requires a finding that the criminal act was undertaken "with the intent of arousing, appealing to, or gratifying the lust or passion or sexual desires" is a specific intent crime); *Phipps v. State*, 107 N.E.3d 754, 760 (Ohio Ct. App. 2018) ("Sexual contact 'requires a specific intent behind the touching—the touching must be intended to achieve sexual arousal or gratification.'"); *State v. Smalls*, No. 08-1574, 2009 WL 2138795, at *2 (N.C. Ct. App. July 7, 2009) (taking indecent liberties with a child, which requires a finding that the act was taken for the purpose of arousing or gratifying sexual desires, is a specific intent crime).

[¶21] We agree with Gaddie on the first premise of his argument. The crimes charged in this case require a finding that he acted with a specific purpose. The second premise of Gaddie's argument is that the mens rea "willfully" is inconsistent with a crime requiring a specific intent. He argues that inclusion of "willfully" in the jury instructions permitted the jury to disregard the specific intent element of the offenses because it allows a finding of guilt even if his conduct was not intentional. We disagree with Gaddie on this point.

[¶22] Gaddie relies on a line of cases where we held certain inchoate offenses were incognizable. Gaddie attempts to synthesize a rule from these cases. He claims that a specific intent crime may not be committed willfully. In the cases Gaddie relies on, we held certain criminal attempt charges were incognizable because the underlying offenses criminalized conduct that caused an unintentional result. *See, e.g., Pemberton v. State*, 2021 ND 85, ¶ 17, 959 N.W.2d 891 (attempted murder without an intent to kill is an incognizable offense); *Yoney v. State*, 2021 ND 132, ¶ 1, 962 N.W.2d 617 (same); *Dominguez v. State*, 2013 ND 249, ¶ 22, 840 N.W.2d 596 (attempt to commit extreme indifference murder is a non-cognizable offense). We reasoned it is logically inconsistent and legally impossible to attempt to cause an unintended result. *Pemberton*, at ¶ 13; *Dominguez*, at ¶ 13. Similarly, in other cases we have held various conspiracy charges were incognizable because the underlying offenses criminalized conduct that caused an unintentional result. *See, e.g., State v. Swanson*, 2019 ND 181, ¶ 15, 930 N.W.2d 645 (conspiracy to commit murder without an intent to kill is a non-cognizable offense); *State v. Borner*, 2013 ND 141, ¶ 7, 836 N.W.2d 383 (conspiracy to commit extreme indifference murder is a non-cognizable offense). We reasoned it is logically inconsistent and legally impossible to conspire to achieve an unintended result. *Swanson*, at ¶ 14; *Borner*, at ¶ 18.

[¶23] The issue in the cases Gaddie relies on was the inconsistent nature of the crimes of attempt and conspiracy with the underlying offenses. The questions in those cases is different than the issue Gaddie raises in the present case—whether the mens rea willfully is inconsistent with specific intent crimes generally. Gaddie's argument implicates a number of statutes criminalizing willful conduct undertaken for a specific purpose. *See, e.g.,* N.D.C.C. § 12.1-22-02 ("A person is guilty of burglary if he willfully enters or surreptitiously remains in a building . . . with intent to commit a crime"); N.D.C.C. § 12.1-23-10(11) (shoplifting means "to willfully take possession of any merchandise . . . with the intent to deprive the owner"); N.D.C.C. § 19-03.1-23 (it is unlawful for a person to "willfully" possess or manufacture a controlled substance "with intent" to deliver).

[¶24] "Both a culpable *mens rea* and a criminal *actus reus* are generally required for an offense to occur." *State v. Hersch*, 445 N.W.2d 626, 631 (N.D. 1989). The term "specific intent" is generally used to "designate a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime." *State v. Fleck*, 810 N.W.2d 303, 308 (Minn. 2012) (quoting 1 Wayne R. LaFave, *Substantive Criminal Law* § 5.2(e) (2d ed. 2003)).

> [R]egardless of whether an offense is described as a specific- or general-intent crime, a defendant must voluntarily do an act or voluntarily fail to perform an act. . . . The volitional requirement is generally expressed in terms of an exercise of the will. A reflex movement is not subject to the control of the will. Similarly, an act resulting from a person's faultless inability to comply with the law is ordinarily not criminally punishable, because the act is not a result of the actor's will.

*Fleck*, at 309 (citations and quotation marks omitted). *See also United States v. Tucker*, 686 F.2d 230, 232 (5th Cir. 1982) ("To act willfully is to act voluntarily, purposefully, deliberately, and intentionally, as distinguished from accidentally, inadvertently, or negligently."). Like other jurisdictions, we have interpreted the definition of "willfully" under N.D.C.C. § 12.1-02-02 to require volition. *See State v. Anderson*, 480 N.W.2d 727, 730 (N.D. 1992) ("willfully" meant the jury was required "to find that Anderson had acted consciously"); *City of Dickinson v. Mueller*, 261 N.W.2d 787, 790 (N.D. 1977) (willfulness is "the state of mind involved in the doing of an act willfully as opposed to an act done under coercion").

[¶25] Gaddie's argument that willful conduct is inconsistent with crimes requiring a specific intent ignores the principle that each element of a crime does not necessarily require the same mental state. *See* N.D.C.C. § 12.1-02-02(3)(a) (where culpability is required, that kind of culpability is required with respect to every element "[e]xcept as otherwise expressly provided"). A hypothetical based on N.D.C.C. § 12.1-20-03(2)(a), one of the offenses at issue in this case, demonstrates this point. That statute criminalizes touching the sexual or intimate parts of an individual less than fifteen years old. Suppose

an adult is sitting near a pool and a child runs by him. The child slips and falls onto the adult. Despite not moving, the adult comes into contact with an intimate part of the child's body. He is not guilty because he did not willfully engage in the touching. Now suppose he reached out and grabbed the child as she fell, touching an inappropriate part of her body, but stopping her from slipping and falling. The requirement that his conduct be willful is met. The case now requires a determination of whether his willful conduct was for the specific purpose of arousing or satisfying sexual or aggressive desires. *See, e.g., State v. Flanagan*, 2004 ND 112, ¶ 3, 680 N.W.2d 241 (defendant alleged inappropriate touching of a child in a pool was an accident).

[¶26] Having determined the mens rea "willfully" as defined by N.D.C.C. § 12.1-02-02(1)(e) is not necessarily inconsistent with a crime requiring specific intent, we turn to the jury instructions in this case. The charges required a finding that Gaddie touched various parts of the victim's body in a manner constituting sexual contact or a sexual act. Section 12.1-20-03, N.D.C.C., states "[a] person who engages" in a sexual act or sexual contact is guilty of an offense. It does not specify a culpability level for the conduct. The jury was therefore required to find Gaddie's actions were willful. N.D.C.C. § 12.1-02-02(3)(a). The district court's instructions correctly advised the jury on this element of the crimes. The charges also required a finding that Gaddie acted with a specific purpose—arousing or satisfying sexual or aggressive desires. The district court also correctly instructed the jury on this element of the offense when it provided the jury with the definition of sexual contact under N.D.C.C. § 12.1-20-02(5). We therefore conclude the court did not err when it instructed the jury on the elements of the crimes.

[¶27] To the extent Gaddie claims the manner in which the jury instructions use the term "willfully" is confusing, we conclude he has waived the issue. Gaddie's proposed jury instructions use the term "willfully" in the same manner as the district court's instructions. If there is an error in this respect, Gaddie has invited it and is foreclosed from raising it as an issue on appeal. *See State v. Rende*, 2018 ND 56, ¶ 10, 907 N.W.2d 361 (defendant waived issue regarding failure to include an element of an offense by not including the element in her proposed jury instructions).

12

## VI

[¶28] We reverse the judgment as to Count III.  The judgment is affirmed in all other respects.

[¶29] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte