20230243
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
05-02-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 78

State of North Dakota,　　　　　　　　　　　　　　Plaintiff and Appellee

　　　v.

Kevin Cornelius Hartson,　　　　　　　　　　Defendant and Appellant

## No. 20230243

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Dennis H. Ingold (argued), Assistant State's Attorney, and Julie A. Lawyer (appeared), State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Kevin Hartson appeals from a criminal judgment entered after a jury found him guilty of felony murder. Hartson argues the district court erred in allowing the State to remove "knowingly" from the charge of felony murder and use only the culpability level of "intentional"; committed obvious error in instructing the jury by misstating the law; and allowing for a verdict without a unanimous jury finding on the predicate felony offense. We affirm.

I

[¶2]   Hartson was charged with felony murder alleging the predicate offenses of attempted robbery and attempted felonious restraint in violation of N.D.C.C. § 12.1-16-01(1)(c). In summary, the State alleged Hartson was guilty of felony murder because the victim was killed while Hartson was engaged in an attempt to rob or feloniously restrain the victim. Hartson moved to dismiss the charge of felony murder, arguing it is not a legally cognizable offense. Hartson argued there is an inconsistency in the elements of criminal attempt and the elements of the underlying predicate felonies which is impossible to rectify. He asserts a charge of criminal attempt requires the actor to have intended to complete the commission of the underlying crime, while the underlying offenses of robbery and felonious restraint only require the actor to act knowingly. He contends that because mens rea of knowingly includes but does not require an intent to commit a crime, he was convicted of something that is not possible, intending to commit a crime that does not require intent.

[¶3]   The district court denied Hartson's motion to dismiss. The court explained that under N.D.C.C. § 12.1-02-02(4), "any lesser degree of required culpability is satisfied if the proven degree of culpability is higher." The court found that any inconsistency could be reconciled by requiring the State to apply intentional culpability to both the attempt and the underlying predicate felonies of robbery or felonious restraint. A jury trial was held and Hartson was found guilty of felony murder. This appeal followed.

[¶4] On appeal, Hartson argues the crime of felony murder based on the predicate offenses of attempted robbery and attempted felonious restraint is not a cognizable offense. Hartson argues "[o]ne cannot have the specific intent to commit a robbery, theft through intentional violence or threats, when the underlying theft requires only knowing culpability." Similarly, he further claims "one cannot attempt to knowingly restrain another under terrorizing circumstances or under circumstances exposing him to risk of serious injury."

[¶5] This Court has stated "[t]he interpretation of a statute is a question of law, which is fully reviewable on appeal." *Dominguez v. State*, 2013 ND 249, ¶ 11, 840 N.W.2d 596. The criminal attempt statute, N.D.C.C. § 12.1-06-01(1), states:

> A person is guilty of criminal attempt if, acting with the kind of culpability otherwise required for commission of a crime, he intentionally engages in conduct which, in fact, constitutes a substantial step toward commission of the crime. A "substantial step" is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime. Factual or legal impossibility of committing the crime is not a defense, if the crime could have been committed had the attendant circumstances been as the actor believed them to be.

Felonious restraint and robbery require a knowing culpability. *See* N.D.C.C. §§ 12.1-18-02, 12.1-22-01. A person engages in conduct "knowingly" if "when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so." N.D.C.C. § 12.1-02-02(1)(b).

[¶6] In *State v. Borner*, we held the offense of conspiracy to commit murder under circumstances manifesting extreme indifference to the value of human life was not a cognizable offense. 2013 ND 141, ¶ 1, 836 N.W2d 383. "Conspiracy is an inchoate crime that is completed upon an agreement and an 'overt act in pursuance of the conspiracy by any party thereto.'" *Id.* at ¶ 12 (quoting to 2 Wayne R. LaFave, *Substantive Criminal Law* § 12.1(c), at 263 (2d

ed. 2003) (footnotes omitted)). "Extreme indifference murder is a general intent crime, not a specific intent crime." *Id.* at ¶ 18. "[A] person does not intend to cause the death of another human-being, but rather death is a consequence of the defendant's willful conduct." *Id.* "Conspiracy, however, requires the intent to cause a particular result that is criminal." *Id.* "Therefore, charging a defendant with conspiracy to commit unintentional murder creates an inconsistency in the elements of conspiracy and extreme indifference murder that is logically and legally impossible to rectify." *Id.* "An individual cannot intend to achieve a particular offense that by its definition is unintended." *Id.*

[¶7] In *Dominguez,* we held the offense of attempted murder under N.D.C.C. §§ 12.1-06-01 and 12.1-16-01(1)(b) is not a cognizable offense. 2013 ND 249, ¶ 22. We said the plain language of the attempt statute, N.D.C.C. § 12.1-06-01(1), requires that "the accused have an intent to complete the commission of the underlying crime." *Dominguez*, at ¶ 12. The offense of murder requires the defendant to cause the death of another; therefore, in order to intend to complete the commission of the offense for purposes of attempted murder, the defendant must have an intent to cause the death of another. *Id.* at ¶ 13. We held the offense of attempted murder requires the accused to have an intent to kill. *Id.* at ¶ 22. We explained the offense of murder under N.D.C.C. § 12.1-16-01(1)(b) requires a person to cause the death of another human being under circumstances manifesting an extreme indifference to the value of human life, it results in an unintentional death, and it does not require the person to act with specific intent to kill. *Id.* at ¶¶ 13, 22. We held murder under N.D.C.C. § 12.1-16-01(1)(b) cannot be used as the underlying crime for a charge of attempted murder because it does not require proof of an intent to complete the commission of the underlying crime by causing death. *Id.* at ¶ 22.

[¶8] In *State v. Swanson*, 2019 ND 181, ¶ 15, 930 N.W.2d 645, this Court held conspiracy to "knowingly" commit murder is a non-cognizable offense. The Court explained the charge of conspiracy to commit murder requires the State to prove an intent to cause the death of another human being. *Id.* at ¶ 10. This Court further explained:

Knowingly is statutorily defined as follows: "[A] person engages in conduct . . . [k]nowingly if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, *whether or not it is his purpose to do so.*" N.D.C.C. § 12.1-02-02 (emphasis added). "Purpose" is defined as "[a]n objective, goal, or end." "Intention" and "purpose" are synonyms. As such, the term knowingly, when used in conjunction with N.D.C.C. § 12.1-16-01(1)(a), permits an individual to be convicted of a murder when they did not have the purpose (synonymous with intent) to cause the death of another human being.

*Id.* at ¶ 13 (citations omitted).

[¶9] We held conspiracy to "knowingly" commit a murder is not a cognizable offense "because it allows an individual to be convicted of the offense without an intent to cause the death of another human being." *Swanson*, 2019 ND 181, ¶ 15. We reversed the defendant's conviction for conspiracy to commit murder because the jury instructions used the term "knowingly," which would allow the jury to convict the defendant without finding he had an intent to cause the death of another human being and allowed the defendant to have potentially been convicted of a non-cognizable offense. *Id.* at ¶ 14.

[¶10] We held "knowingly," as defined in N.D.C.C. § 12.1-02-02, does not require the person to act with purpose, and when used in N.D.C.C. § 12.1-16-01(1)(a), permits a person to be convicted of murder when the person did not intend to cause the death of another human being. *Swanson*, 2019 ND 181, ¶ 13. Because the offense of attempted murder requires the accused to have the intent to complete the commission of the underlying crime by causing the death of another and a "knowing" murder under N.D.C.C. § 12.1-16-01(1)(a) does not require the accused to have the intent to cause the death of another, a "knowing murder" cannot be the basis for an attempted murder conviction. *Swanson,* at ¶ 14. We concluded an attempted "knowing" murder is a non-cognizable offense. *Id.* at ¶ 15.

[¶11] In *State* v. *Pemberton*, we held attempt to knowingly commit murder was a non-cognizable offense. 2021 ND 85, ¶ 1, 959 N.W.2d 891. Attempt requires

an intent to commit the underlying crime. *Id.* at ¶ 11. A person is guilty of murder under N.D.C.C. § 12.1-06-01(1)(b) if the person intentionally or knowingly causes the death of another human being. *Pemberton,* at ¶ 10. "A person engages in conduct 'intentionally' 'if, when he engages in the conduct, it is his purpose to do so.'" *Id.* (quoting N.D.C.C. § 12.1-02-02(1)(a)). "A person engages in conduct 'knowingly' 'if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so.'" *Id.* (quoting N.D.C.C. § 12.1-02-02(1)(b)).

> Because the offense of attempted murder requires the accused to have the intent to complete the commission of the underlying crime by causing the death of another and a "knowing" murder . . . does not require the accused to have the intent to cause the death of another, a "knowing murder" cannot be the basis for an attempted murder conviction.

*Id.* at ¶ 13.

[¶12] In light of our decisions in *Borner*, *Dominguez*, *Swanson*, and *Pemberton*, the district court removed from the jury instructions the reference to a "knowing culpability" and replaced it with an "intentional culpability." Hartson argues this was an impermissible modification of the crime, intrudes on the legislative branch, and undermines our conclusions in the aforementioned cases. The State contends, and we agree, that under N.D.C.C. § 12.1-02-02(4), a lesser degree of culpability is satisfied if the proven degree of culpability is higher. The legislature has provided an express authorization allowing a greater degree of culpability to replace a lesser degree of culpability for a criminal offense. We conclude the court did not err in modification of the level of culpability. Having concluded modification of the level of culpability was permissible, we note our decision in *State v. Pendleton*, 2022 ND 149, 978 N.W.2d 641, forecloses the argument put forth by Hartson and distinguishes this case from *Borner, Dominguez, Swanson, and Pemberton*.

[¶13] In *Pendleton*, the defendant argued he was charged with a non-cognizable offense, attempted knowing murder. 2022 ND 149, ¶ 15.

5

The information used both the "intentionally" and "knowingly" culpability terms in the attempted murder charges. The opening jury instructions also used the "knowingly" term. However, the instructions were then amended for the closing charge to the jury. The amended instructions given to the jury for deliberations on the attempted murder counts stated the following:

> The State's burden of proof is satisfied if the evidence shows beyond a reasonable doubt, the following essential elements:
> 1. On or about May 27, 2020, in Grand Forks, North Dakota;
> 2. The defendant, Salamah Qareed Pendleton;
> 3. Intentionally;
> 4. Engaged in the conduct which constitutes a substantial step toward commission of the crime of murder;
> 5. Specifically, the defendant attempted to kill [victim's name]; and
> 6. The Defendant did not act in self-defense.

The instructions included a warning that these instructions modified and superseded the prior opening instructions.

*Id.* at ¶ 17.

[¶14] This Court concluded the jury instructions informed the jury of the level of culpability necessary to convict Pendleton on the attempted murder charges. *Pendleton*, 2022 ND 149, ¶ 18.

> [T]he "intentionally" language in element three directly modifies element four, describing the charged conduct. The use of the word "specifically" in element five explains that element five is a further articulation or refinement of element four. Therefore, when reading the jury instructions as a whole, we conclude the instructions fairly advised the jury that they could convict Pendleton on nothing less than intentional attempted murder. Further, although the opening instructions stated the word "knowingly," the final instructions clearly provided that the instructions replaced and superseded the opening instructions. Thus, we affirm the attempted murder convictions.

*Id.*

6

[¶15] Here, the State alleged Hartson committed the offense of murder under N.D.C.C. § 12.1-16-01(1)(c) and alleged the predicate felonies, attempted robbery and attempted felonious restraint. Although a person can be convicted of felonious restraint under N.D.C.C. § 12.1-18-02(2) if the person "[k]nowingly restrains another under terrorizing circumstances or under circumstances exposing him to risk of serious bodily injury[,]" the district court instructed the jury in this case that "felonious restraint" is defined as "[a] person who intentionally restrains another person under terrorizing circumstances or under circumstances exposing the person to risk of serious bodily injury is guilty of Felonious Restraint." Like *Pendleton*, the instruction fairly advised the jury that they could convict Hartson on nothing less than intentional conduct.

[¶16] The same is true of the attempted robbery predicate felony in this case. Although a person can be convicted of robbery under N.D.C.C. § 12.1-22-01(1) based on willful conduct, the jury instructions in this case defined "robbery" as "[a] person who, in the course of committing a theft, intentionally inflicts or attempts to inflict bodily injury upon another person, or threatens or menaces another person with imminent bodily injury is guilty of Robbery." As such, with respect to the attempt to commit the predicate crimes or the commission of the predicate crimes, the jury had to find that Hartson acted intentionally, regardless of whether the predicate felonies can, in some instances, be committed knowingly.

[¶17] We conclude the jury was properly instructed that it could convict Hartson on nothing less than intentional conduct with respect to the predicate felonies. We conclude the court properly modified the level of culpability and properly instructed the jury on the level of culpability required to convict Hartson.

III

[¶18] Hartson argues the district court erred when it failed to instruct the jury on the definition of "attempt" and not requiring a unanimous decision on the attempted underlying predicate offenses. Hartson asserts the jury should have been provided separate verdict forms for each predicate offense.

7

[¶19] "The district court must instruct the jury on the law; however, the parties must request and object to specific jury instructions." *State v. Jacob,* 2006 ND 246, ¶ 14, 724 N.W.2d 118. "A party who objects to an instruction . . . must do so on the record, stating distinctly the matter objected to and the grounds[.]" N.D.R.Crim.P. 30(c)(1).

[¶20] When a defendant fails to object to a proposed instruction properly, or fails to specifically request an instruction or object to the omission of an instruction, the issue is not adequately preserved for appellate review and our inquiry is limited under N.D.R.Crim.P. 52(b) to whether the jury instructions constitute obvious error affecting substantial rights. *State v. Erickstad*, 2000 ND 202, ¶ 18, 620 N.W.2d 136.

[¶21] Hartson did not object to the instructions given. The term "attempt" was not defined in the jury instructions. Hartson contends the absence of the attempt instruction resulted in the jury not being instructed on an element of the offense.

[¶22] This issue has previously been addressed by this Court and other courts. The Eighth Circuit has previously provided the following summary: "There is no showing in the record that the defense requested an instruction defining attempt. The failure to instruct was not questioned by an objection. The word 'attempt' is a word of general use. There is no showing of plain error." *United States v. Watson*, 953 F.2d 406, 410 (8th Cir. 1992); *see also State v. Smuda*, 419 N.W.2d 166 (N.D. 1988) (the trial court's failure to submit statutory definition of that term was not obvious error affecting defendant's substantial rights). We conclude Hartson has failed to demonstrate an obvious error with regard to the absence of an instruction on attempt.

[¶23] Hartson did not request an unanimity instruction. All verdicts in criminal cases must be unanimous. N.D. Const. art. I, § 13; N.D.R.Crim.P. 31(a). This Court has not previously determined whether the jury must unanimously agree on which underlying offense was attempted when a defendant is alleged to have committed multiple predicate offenses as part of a charge of felony murder. However, "The majority of courts that have

considered the issue have not required the jury to unanimously agree on the predicate felony in cases in which the state has presented evidence of alternate predicate felony offenses to support a single charge of felony murder." *Lawson v. State*, 264 P.3d 590, 595 (Alaska Ct. App. 2011); *White v. State*, 208 S.W.3d 467, 468-69 (Tex. Crim. App. 2006) (no unanimity instruction required in felony murder case alleging multiple predicate felonies); *State v. Adams*, 144 Ohio St. 3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 304 (O'Donnell, J., concurring) ("As long as the jury unanimously convicts the defendant of aggravated murder, the jurors need not be unanimous as to the predicate offense or offenses the defendant committed.").

[¶24] In order to prove obvious error, Hartson was required to show the district court made a clear deviation from an established rule of law. This Court has not considered the issue of whether an unanimity instruction is required in a felony murder prosecution in which the State has alleged more than one predicate felony. Other jurisdictions that have considered this issue have not required unanimity on which predicate offense was attempted by the defendant. Therefore, the court did not deviate from established law. Hartson has not met his burden of showing the court's jury instructions constituted obvious error.

[¶25] Finally, Hartson argues there should have been a separate verdict form for each theory, or underlying crime, the State is asserting. "A felony murder charge does not require the defendant to have committed the underlying felony, and the underlying felony is not an included offense of felony murder." *State v. McClary*, 2004 ND 98, ¶ 22, 679 N.W.2d 455. Not including separate verdict forms for each predicate felony was not error and therefore not obvious error.

IV

[¶26] Hartson argues the evidence presented at trial was insufficient to convict him of felonious restraint. We review challenges to the sufficiency of the evidence as follows:

9

[W]e look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Anderson*, 2023 ND 210, ¶ 5, 997 N.W.2d 616 (quoting *State v. Hannah*, 2016 ND 11, ¶ 7, 873 N.W.2d 668).

[¶27] Hartson was charged with violating N.D.C.C. § 12.1-18-02, which states a person is guilty of felonious restraint, a class C felony, if the person: knowingly abducts another; knowingly restrains another under terrorizing circumstances or under circumstances exposing him to risk of serious bodily injury; or restrains another with the intent to hold him in a condition of involuntary servitude. Hartson asserts there was insufficient evidence to sustain a guilty verdict on the predicate charge of felonious restraint because the entire confrontation with the deceased was less than two minutes, and therefore, the deceased was not confined for a substantial period of time. He also contends that because the victim was shot while running away, it is impossible to find the victim's death was caused during the course of and in furtherance of him being restrained. Hartson challenges only the sufficiency of the felonious restraint predicate offense.

[¶28] The State presented evidence that showed Hartson pinned the deceased to the wall while a gunman waited outside. He restrained the deceased until a roommate intervened. The roommate ran towards Hartson, jumped on Hartson's back, and put him into a chokehold. The roommate and Hartson stumbled backwards together. Hartson's co-defendant began to shoot. While attempting to shut the door, the roommate was shot in the right hand. The deceased suffered a gunshot wound in the back. Felonious restraint involves knowingly restraining another under terrorizing circumstances or under circumstances exposing the person to risk of serious bodily injury.

[¶29] Reviewing all evidence in the record in a light most favorable to the verdict, we conclude the evidence is sufficient to sustain the conviction.

V

[¶30] We conclude the district court did not err in allowing the State to remove "knowingly" from the charge of felony murder and use only the greater culpability level of "intentional"; it was not an obvious error to not include the definition of "attempt" within the jury instructions; it was not an obvious error not to require a unanimous decision on the attempted predicate offense; and it was not an obvious error to not require separate verdict forms for each predicate felony offense. Finally, we conclude the evidence was sufficient to sustain the verdict. We affirm.

[¶31] Jon J. Jensen, C.J.
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte
    Douglas A. Bahr

11