# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 97

State of North Dakota,                                              Plaintiff and Appellee

v.

Daedyn Ashton Lewellyn,                                       Defendant and Appellant

### No. 20240294

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Per Curiam.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Per Curiam.**

[¶1]   Daedyn Ashton Lewellyn appeals from a criminal judgment finding him guilty of two class C felonies, terrorizing and reckless endangerment, and having committed a non-criminal offense for failing to inform the officer of a concealed weapon. Lewellyn argues the admission of a redacted 911 call and the 911 caller's testimony unfairly prejudiced him and confused the jury by failing to specify any time, location, or specific victim, and generalized the conduct and essential elements that the State was required to prove in regard to the terrorizing and reckless endangerment charges. We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7).

I

[¶2]   We conclude Lewellyn has failed to identify any prejudice required under Rule 403, N.D.R.Ev., to exclude the redacted 911 call and the 911 caller's testimony. *See* N.D.R.Ev. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: (a) unfair prejudice; (b) confusing the issues; (c) misleading the jury; (d) undue delay; (e) wasting time; or (f) needlessly presenting cumulative evidence."). Lewellyn failed to provide any argument identifying the prejudice which may have arisen from admission of the 911 call or related testimony. We affirm pursuant to N.D.R.App.P. 35.1(a)(4).

II

[¶3] We further conclude Lewellyn waived his challenge to the jury instructions. *See State v. Gaddie*, 2022 ND 44, ¶ 4, 971 N.W.2d 811 ("Under N.D.R.Crim.P. 30(c), to preserve a jury instruction issue for appellate review, a party must object on the record stating the issue 'distinctly' and specifying the grounds of his or her objection. If a party does not timely object, the issue is not preserved for review."); *State v. Studhorse*, 2024 ND 110, ¶ 25, 7 N.W.3d 253 ("A party waives an error when the party is given the opportunity to address it and intentionally relinquishes the opportunity."). When finalizing the jury

1

instructions at trial, Lewellyn was asked by the court if there was anything else to discuss and Lewellyn's attorney responded in the negative. Lewellyn's failure to preserve the jury instruction issue constitutes a waiver. We affirm pursuant to N.D.R.App.P. 35.1(a)(7).

## III

[¶4]   We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7).

[¶5]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr